**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT COLUMBUS**

In the Matter of:

    LISA DIANE POLK                          Case No. 14-50822
                                               Judge C. Kathryn Preston
                                               Chapter 13

    Debtor(s)

---

LISA DIANE POLK

    Debtor/Plaintiff                       Adv. Case No.

v.                                        **COMPLAINT FOR VIOLATIONS
                                           AUTOMATIC STAY ORDERS OF THIS
                                           COURT AND OTHER ORDERS OF THIS
UNITED STATES DEPARTMENT OF      COURT AGAINST CREDITOR UNITED
EDUCATION                              STATES DEPARTMENT OF EDUCATION
℅ Betsy Devos, Secretary, Department of     AND THIRD PARTY DEFENDANT NELNET,
Education                                INC. AND COMPLAINT FOR VIOLATIONS
400 Maryland Avenue SW                 OF THE OHIO CONSUMER SALES
Washington, DC 20202                    PRACTICES ACT AGAINST THIRD PARTY
                                           DEFENDANT NELNET, INC.**

    Creditor/Defendant

AND

NELNET, INC.
℅ CT Corporation System, Registered Agent
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

    Third-Party Defendant

    Defendant(s)

    Debtor Lisa Diane Polk ("Debtor") and for her Complaint for Damages against Creditor

United States Department of Education ("DOE") and Third-Party Defendant Nelnet, Inc.

("Nelnet") (collectively "Defendants") and Complaint for Violations of the Ohio Consumer Sales Practices Act against Nelnet states as follows:

I.     **PRELIMINARY STATEMENT**

### INTRODUCTION

1. This is an action for actual damages, statutory damages, and legal fees and expenses filed by Polk against Defendants DOE and Nelnet for their improper actions and conduct which are not in compliance with and in fact are violations of the Automatic Stay Provisions of the Bankruptcy Code (11 U.S.C. 362, *et seq*.), violations of the order confirming Chapter 13 Plan issued by this Court (11 U.S.C. 105) and the Ohio Consumer Sales Practices Act ("CSPA"), ORC § 1345.01, *et seq*., as applicable.

### PARTIES

2. Debtor/Plaintiff Lisa D. Polk is the Debtor in the underlying Chapter 13 Petition and is a natural person residing in the City of Marietta, County of Washington, State of Ohio. The Debtor has resided at this location for all relevant times herein.

3. Creditor United States Department of Education is an entity of the United States that provides a multitude of services on behalf of the United States to its citizens including as relevant here, offering educational loans.

4. Third Party Defendant Nelnet, Inc. is a corporation organized under the laws of the State of Nebraska that maintains its principal place of business in Lincoln, Nebraska. Nelnet's principal operation is as a servicer of student loans issued by the DOE.

5. For all relevant times herein the Debtor's Student Loan(s) subject to this Complaint were owned by the DOE and serviced by Nelnet.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

7. This Court has supplemental jurisdiction over the state law claims asserted herein under 1367(a).

8. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1409.

## II.  INTRODUCTION

9. Debtor is a "consumer" as that term is defined by ORC § 1345.01(C).

10. Nelnet is a "supplier" as that term is defined by ORC § 1345.01(C).

11. Debtor's transaction with the DOE is a "consumer transaction" as that term is defined by ORC § 1345.01(D) because the service provided by the DOE was for the primary purpose of personal, family or household use.

12. Debtor has a private right of action under the Ohio Consumer Sales Practices Act (OCSPA) against Nelnet for the claimed breaches and such action provides for remedies including actual damages, costs, treble damages, statutory damages, and attorneys' fees.

## III.  FACTUAL ALLEGATIONS

### Petition and Plan Disbursements

13. Debtor restates and incorporates the allegations contained in Paragraphs 1 through 12 as if fully rewritten herein.

14. Sometime prior to the filing of her petition the Debtor obtained one, if not multiple, student loans with DOE for the purpose of completing post-secondary education. (the "Loans")

15. Debtor commenced her voluntary petition under Chapter 13 of Title 11 of the United States Code on February 13, 2014. (the "Petition") *See also Exhibit A - Chapter 13 Docket*.

16. At the time Debtor filed her petition, the Debtor listed the Loans on Schedule F of her Petition as follows - "US Department of Education, Direct Loan Servicing Center, PO Box 5602, Greenville, TX 75403-5602, Loan No. 5207, Student Loan in the amount of $45,215.70".

17. On the same date the Debtor also filed her initial Chapter 13 Plan which indicated in Part H(2) that "student loan creditors, all long term debts, will be paid conduit by the Trustee: US Department of Education at $233.82 per month". *See Exhibit B- Chapter 13 Plan* at p. 11

18. The DOE received notice of the petition on February 21, 2014 through the Bankruptcy Noticing Center. *See Exhibit A* at p. 2.

19. In order to deal with outstanding objections from her original Plan following the filing of her Petition the Debtor filed four other Amended Chapter 13 Plans on March 19, 2014 (Doc. No. 22), April 10, 2014 (Doc. No. 28), June 5, 2014 (Doc. No. 37) and finally on June 24, 2014 (Doc. No. 43 (the "Amended Plan").  A copy of the Amended Plan is attached as Exhibit C.

20. Each amended plan, including Exhibit C, contained the exact same language as the language contained in  Exhibit B in Paragraph H(2).

21. Exhibit C was confirmed by this Court on August 13, 2014. *See Doc. No. 48*, *see also* Exhibit D - Order Confirming Chapter 13 Plan. ("the Confirmation Order")

22. Pursuant to the Confirmation Order, the DOE and its servicer Nelnet were to receive payments of $233.82 per month and apply them to the contractual payments due on the loan since this was a long-term debt. *See Exhibits C and D*.  This type of treatment of the long-term debt is now what is known as the "*Buchanan Provisions*" which was agreed to by the United States Department of

Justice and United States Department of Education in 2016 as a result of on-going objections to confirmation in cases pending in the United States Bankruptcy Court for the Middle District of North Carolina.

23.     On December 1, 2014 the Debtor, through Counsel, filed a proof of claim for the DOE for the student loan. *See Exhibit E*.

24.     This Proof of Claim contained the identical information referenced in the Petition.

25.     The Debtor received her discharge of the Petition and Plan on November 15, 2018. *See Exhibit F* - Order of Discharge.

26.     Just prior to receiving her discharge Frank M. Pees, the Chapter 13 Trustee filed his *Chapter 13 Trustee's Certification of Final Payment and Case History*, on October 24, 2018 a copy of which is attached as Exhibit G.

27.     In Exhibit G, Trustee Pees noted that $12,158.64 had been tendered to the DOE. *See Exhibit G* at p. 3.

28.     These disbursements would be consistent with Exhibits C and D as Sixty (60) payments of $233.82 monthly would equal $12,158.64. *Compare Exhibits C and D with Exhibit G*.

### Post-Discharge Actions

29.     Shortly after receiving her discharge in late December 2018, the Debtor reached out via telephone to Nelnet regarding the resumption of her long-term contractual obligation.

30.     At that time the Debtor was informed by Nelnet that her loan was placed in administrative forbearance for her failure to make timely payments since 2014.

31.     Over the next 3 months the Debtor maintained regular communications with Nelnet regarding the administrative forbearance as well as attempting to resume contractual payments. The

Debtor learned in February 2019 from Nelnet that despite the contractual payments paid in her Chapter 13 that Nelnet had unilaterally placed the debtor on a graduated repayment plan. At no time prior to the Chapter 13, during the Chapter 13, or since has the Debtor applied for a graduated repayment plan.

32. The Debtor did in February 2019 apply for the Public Student Loan Forgiveness program as her income and employment may deem her eligible for qualification for the PSLF. The Debtor was informed of her denial of the PSLF via email in early March 2019.

33. At the time the Debtor entered her Chapter 13 Plan the Debtor was aware of the PSLF and intended those contractual payments tendered in the Plan to be credited to her contractual account which may also allow her to be eligible, in part, for the PSLF on the Loans.

34. In addition to the applications for the PSLF sometime in early March 2019 the Debtor, after being told by Nelnet of her inability to qualify for the PSLF, did enter into a loan consolidation with Nelnet.

35. Based on the allegations herein the Debtor believes that:

    a. Nelnet and/or the DOE has substantially frustrated the Automatic Stay and Order Confirming Plan entered in this case and its conduct in (1) failing to apply all contractual payments tendered by the Trustee toward the contractual repayment plan resulting in disqualification of the PSLF program; (2) failing to apply all contractual payments tendered by the Trustee toward the contractual repayment plan resulting in a higher amount owed; and (3) putting the Debtor in an administrative forbearance upon Debtor's successful completion of the Chapter 13 Plan which constitute willful and gross violations of the automatic stay and orders of this Court have caused Polk to spend

unwarranted and unnecessary time, effort and expense in seeking to enforce the rights guaranteed by the Bankruptcy Code; and

  b. Nelnet's actions described herein, *supra*, constitute deceptive acts under the CSPA.

36. The Debtor alleges that as a result of these allegations described herein, *supra*, that she is entitled to recovery of her actual damages in a total amount to be determined, punitive damages in an amount to be determined by this Court under 11 U.S.C. 105 and the legal fees and expenses incurred by Debtor's Counsel and Debtor's Litigation Counsel for the filing of this instant Motion pursuant to U.S.C. 105 as well as her recovery under the CSPA.

37. As a direct and proximate result of Nelnet's post-discharge actions described herein either unilaterally or under the DOE's authority, the Debtor has suffered actual damages as well as emotional distress and anxiety.

IV. **CAUSES OF ACTION**

**COUNT I: VIOLATION OF THE AUTOMATIC STAY CONFIRMATION ORDER- BOTH DEFENDANTS**
**(11 U.S.C. 362 and 11 U.S.C. 105, *et seq.*)**

38. The Debtor restates and alleges the allegations contained in Paragraphs 1 through 37 as if fully restated herein.

39. As alleged above Nelnet, on behalf of Creditor DOE, took action following the Debtor's completion of her Chapter 13 Plan to unilaterally place Debtor's Loans in administrative forbearance despite (1) the language regarding the Loans in the Amended Plan; (2) the confirmation order; and (3) the contractual payments tendered by the Chapter 13 Trustee.

40. As also alleged above Nelnet, on behalf of Creditor DOE, has misapplied the tendered payments from the Chapter 13 Trustee despite (1) the language regarding the Loans in the Amended

Plan; (2) the confirmation order; and (3) the contractual payments tendered by the Chapter 13 Trustee which has caused the Debtor to enter into a consolidation loan with Nelnet for a higher principal balance than what is actually owed. *See Exhibit G.*

41. Based on Exhibits A through G both Nelnet and the DOE knew or should have known the treatment of the Debtor's Loans during the Chapter 13 Plan.

42. Based on Exhibits A and D neither the DOE nor Nelnet objected to the treatment of the Loans in the Plan.

43. Based on the existence of the *Buchanan* provisions in 2016 and Exhibit A the DOE knew, or should have known, how to instruct payments to be applied during the Chapter 13.

44. The actions of Nelnet, either unilaterally or on behalf of the DOE, to (1) fail to apply all contractual payments tendered by the Trustee toward the contractual repayment plan resulting in disqualification of the PSLF program; (2) fail to apply all contractual payments tendered by the Trustee toward the contractual repayment plan resulting in a higher amount owed; and (3) put the Debtor in an administrative forbearance upon Debtor's successful completion of the Chapter 13 Plan all frustrated the purpose of the Amended Plan and Confirmation Order issued by this Court.

45. The actions described in Paragraph 44 are a pattern and repeated practice of affirmative acts by Nelnet, either unilaterally or on behalf of the DOE, which frustrated the Automatic Stay and Confirmation Orders of this Court and are violations of 11 U.S.C. 105.

46. The actions of Nelnet, either unilaterally or on behalf of the DOE, demonstrate a willful pattern and practice of affirmative non-compliance with orders of this Court despite the DOE's receipt of the Petition, Plan, Amended Plan, Order Confirming Plan, and based on Exhibit G the funds from the Chapter 13 Trustee.

47. The actions of Nelnet, either unilaterally or on behalf of the DOE, substantially frustrated the Orders of this Court and has caused the Debtor unwarranted and unnecessary time, effort and expense in seeking to enforce the rights guaranteed by the Bankruptcy Code.

48. Both Nelnet and the DOE are knowledgeable creditors. Each of them know, or should have known, (1) of the existence of the language in the Plan and the Amended Plan as it pertained to the Loan; (2) upon reviewing the language, filed an objection accordingly; (3) upon receiving the Confirmation order taken steps to ensure that all payments received from the Trustee were applied properly; (4) upon receiving Exhibits F and G taken steps to ensure the Loan was calculated properly during all times the Debtor was in the Plan; and (5) upon receiving Exhibit F allow the Debtor to return to contractual repayments without unilaterally placing the Debtor in administrative forbearance.

49. The Debtor alleges that the Loan owed to the DOE and Nelnet is not a debt subject to the exceptions to the automatic stay under 11 U.S.C. 362(b).

50. The Debtor alleges that in order to carry out the provisions of the Code and to maintain its integrity this Court must impose actual damages of at least $12,154.68, punitive damages and legal fees against Creditor DOE and Nelnet, as applicable, pursuant to the provisions of 11 U.S.C. §105 and 11 U.S.C. 362(k).

**COUNT TWO - NELNET ONLY**
**VIOLATIONS OF OHIO REVISED CODE § 1345.02(A)**

51. Debtor restates and incorporates all of his statements and allegations contained in paragraphs 1 through 50, in their entirety, as if fully rewritten herein.

52. The OCSPA is a state consumer protection law prohibiting unfair and deceptive acts and practices by suppliers before, during, or after a consumer transaction. R.C. 1345.02(A).

53. The illegal, improper, and abusive debt collection practices of Nelnet referenced in Count One also constitute unfair and deceptive practices in violation of R.C. 1345.02(A).

54. In addition to the actions related to Count One based on the allegations herein the actions of Nelnet in reviewing and now declining the Debtor's PSLF actions may constitute an unfair and deceptive practices in violation of R.C. 1345.02(A).

55. Debtor is a consumer, the debt is a consumer transaction, and Nelnet is a supplier as defined by the OCSPA. R.C. 1345.01.

56. As a consequence of Nelnet's conduct, Debtor has had to incur time in having to deal with the violations referenced in Count One as well as now having to hire counsel to enforce the Bankruptcy Code and prosecute this action.

57. Nelnet's conduct toward Debtor was outrageous, willful, and wanton, and shows a reckless disregard for Debtor's rights.

58. Debtor is entitled to recover from CSK actual damages of at least $12,154.68, statutory damages of $200.00 and non-economic damages in the amount of $5,000.00 pursuant to R.C. 1345.09(B).

59. Debtor is also entitled to treble damages against Nelnet as Nelnet's actions are known violations contained in the Attorney General's Public Inspection File (PIF).

60. Debtor is also entitled to reasonable costs, and attorneys' fees incurred in maintaining this action against Nelnet.

**PRAYER FOR RELIEF**

WHEREFORE, Debtor Lisa Polk respectfully requests that this Court enter an order granting judgment against Creditor United States Department of Education and Third-Party Defendant Nelnet, Inc.

A. For an award of actual damages of at least $12,154.68, against DOE and/or Nelnet, jointly and severally, as applicable for the allegations contained in Count One;

B. For an award of actual damages of at least $12,154.68 against Nelnet, as applicable, for the allegations contained in Count Two;

C. For an award of punitive damages in an amount to be determined against DOE and/or Nelnet, jointly and severally, as applicable for the allegations contained in Count One;

D. For an award of statutory damages of $200.00 against Nelnet for the violations contained in Count Two;

E. For an award of non-economic damages of $5,000.00 against Nelnet for the violations contained in Count Two;

F. For an award of treble damages, as applicable, against Nelnet for the violations contained in Count Two;

G. For an award of Debtor's reasonable attorneys' fees and costs in the prosecution of this action against DOE and/or Nelnet jointly and severally, as applicable for the allegations contained in Count One;

H. For an award of Debtor's reasonable attorneys' fees and costs in the prosecution of this action against Nelnet for the allegations contained in Count Two; and

I. Granting all such further and other relief as this Court deems just and appropriate.

Respectfully Submitted,

/s/Brian D. Flick, Esq

Marc E. Dann (0039425)
Brian D. Flick (0081605)
DannLaw
P.O. Box. 6031040
Cleveland, Ohio 44103
(216) 373-0539
(216) 373-0536 fax
notices@dannlaw.com
*Attorney for Debtor Lisa Polk*